# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES DERRICK HUNDLEY, #51212 | ) ) ) | |
| Plaintiff, | ) ) | 3:10-cv-00406-RCJ-VPC |
| vs. | ) ) | **ORDER** |
| DON POAG, *et al.*, | ) ) | |
| Defendants. | ) ) / | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. The critical inquiry is whether a constitutional claim, however

inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with

directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is incarcerated at Lovelock Correctional Center ("LCC") has sued the State of Nevada, the Nevada Department of Corrections ("NDOC"), and NDOC Medical Director Robert Bannister, as well as the following LCC medical personnel: Director of Nursing Don Poag, senior nurses Katherine Hegge and Candis Lucas, and mental health worker George Handley.

Plaintiff sets forth the following allegations: prior to his incarceration he was "diagnosed as gender dysphoria/transsexualism."[1] In 2009, plaintiff began to kite medical in order to ascertain how he could be "recognized as transsexual," including getting counseling, information and re-starting his estrogen hormone therapies. The day after plaintiff met with Handley, officers conducted what they said was a random search of plaintiff's cell for 3 ½ hours. Plaintiff continued to send kites and grievances. Poag ordered plaintiff to submit to two blood tests due to rumors of redirection of medication[2] and told plaintiff that he would not be charged for the tests. On July 20, 2009, plaintiff received a notice of charges alleging use of intoxicants, a major violation. At the disciplinary hearing on August 24, plaintiff was told to either plead guilty to a lesser charge or he would be found guilty of use of intoxicants. The hearing officer "admitted" that he did not know how to read or interpret the blood test results and relied

---

[1] The court recognizes that plaintiff refers to himself in the feminine and currently has a motion before this court asking that the caption of this case be changed and that he be referred to in the feminine (docket #5). For the purposes of this screening order only, and without deciding plaintiff's motion or commenting on its merits, the court uses the masculine because NDOC records indicate that plaintiff was convicted as a male, named James Derrick Hundley.

[2] Plaintiff claims that he lost a significant amount of weight while at LCC and that his breasts, which were larger due to prior estrogen treatments, had become more obvious.

on Poag's representation that they showed elevated levels of estrogen. Plaintiff was ordered to pay for the blood tests as restitution. At the end of August, Poag met with plaintiff and discussed the blood tests as well as NDOC's gender identity disorder medical directive. On October 28, 2009, plaintiff met with a Dr. Scott who agreed to prescribe estrogen hormone treatments for plaintiff, but later that day Dr. Scott rescinded the order for treatment. Plaintiff wrote to NDOC Medical Director Bannister, who responded and denied the treatments. Plaintiff sets forth eight counts of violations of his Eighth Amendment rights as well as his Fourteenth Amendment rights to due process and equal protection. As will be discussed below, plaintiff's complaint must be dismissed, but he will be granted leave to file an amended complaint.

As an initial matter, while plaintiff names the State of Nevada as well as NDOC as defendants, states and any governmental agency that is an arm of the state are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991); *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). Section 1983 claims against states or a governmental entity that is an arm of the state, therefore, are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*). Because NDOC is one of the arms of the State, it is not a person for the purposes of § 1983. *See Doe*, 131 F.3d 836; *Black v. Nevada Dept. Of Corrections*, 2010 WL 2545760 at *2 (Slip Copy, June 21, 2010, D.Nev.). Accordingly, the claims against the State of Nevada and NDOC are dismissed with prejudice.

**A.  Immunity**

In a parallel but independent analysis, 42 U.S.C. § 1983 only creates jurisdiction for suits against "persons." Neither a state nor its employees acting in their official capacities are "person[s]" who can be sued under § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989), although state employees may be sued in their individual capacities as "persons" under § 1983, *Hafer v. Melo*, 502 U.S.

21, 27 (1991). State employees sued in their individual capacities for injunctive relief or for damages to be paid out of their private resources are not protected by a state's Eleventh Amendment immunity. *Edelman v. Jordan*, 415 U.S. 651, 664–65 (1974); *Ex parte Young*, 209 U.S. 123, 159–60 (1908). However, individuals in their private capacities enjoy qualified immunity against claims of constitutional violations where the right alleged to have been violated was not clearly established at the time of the alleged violation. *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1482 (9th Cir. 1993) (citing *Owen v. City of Independence*, 445 U.S. 662, 638 (1980)). Under *Saucier v. Katz*, a district court uses a two-step procedure to determine whether an official is entitled to qualified immunity: (1) the court asks whether there has been a constitutional violation; and (2) if so, the court asks whether the state of the law at the time of the alleged violation was clear such that a reasonable person in the defendant's position should have known his actions violated the plaintiff's rights. 533 U.S. 194, 201 (2001). Under *Pearson v. Callahan*, it is within the sound discretion of a district court which *Saucier* step to employ first. 129 S. Ct. 808, 818 (2009).

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Id.* at 106. The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

The denial of hormone therapy in this case does not implicate the Eighth Amendment, and therefore, plaintiff's complaint must be dismissed with prejudice for failure to state a claim.

### B. Exhaustion

"The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 009) (citing 42 U.S.C. § 1997e(a)). A prison system's own requirements "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). NDOC utilizes a three-stage grievance procedure: an informal grievance, a first level grievance, and a second level grievance. *See* NDOC Admin. Reg. 740 (Inmate Grievance Procedure), *available at* http://www.doc.nv.gov/ar/pdf/AR740.pdf.

Because Plaintiff has not exhausted any of his claims, he may not bring them in this Court. Plaintiff alleges having filed three grievances: the Medical Grievance, the Blood Draw Grievance, and the Medical Records Grievance. He also alleges having filed a "1st level grievance appeal" for the Medical Grievance. (*See* Compl. 9:4–5). Plaintiff does not allege having exhausted any of the three grievances even in conclusory fashion, and the factual allegations in the Complaint concerning Plaintiff's filing of grievances indicates that he only filed informal grievances as to the Blood Draw Grievance and the Medical Records Grievance, and that he only filed a first level grievance as to the Medical Grievance. The Court therefore dismisses the Complaint as against all Defendants.

### III. Conclusion

**IT IS THEREFORE ORDERED that the Clerk of Court shall detach and FILE the complaint (docket #s 1-2 through 1-10).**

**IT IS FURTHER ORDERED that all claims against the State of Nevada and NDOC are DISMISSED with prejudice and without leave to amend. The State of Nevada and NDOC are DISMISSED from this action.**

**IT IS FURTHER ORDERED that plaintiff's complaint is DISMISSED with prejudice and without leave to amend.**

**IT IS FURTHER ORDERED that defendants' motion for extension of time to answer or otherwise respond (docket #3) is DENIED.**

**IT IS FURTHER ORDERED that plaintiff's motion to correct captioning (docket #5) is DENIED.**

**IT IS FURTHER ORDERED that the Clerk shall enter judgment accordingly and close this case.**

DATED: This 26th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE