## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES DERRICK HUNDLEY, | ) | 3:10-CV-0406-RCJ-CLB |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | September 3, 2020 |
| | ) | |
| LISA WALSH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

PRESENT:  <u>THE HONORABLE CARLA BALDWIN</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u>          LISA MANN          </u>   REPORTER: <u>NONE APPEARING   </u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING                          </u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING                        </u>

**MINUTE ORDER IN CHAMBERS:**

Before the court are plaintiff's emergency motion for temporary restraining order and preliminary injunction and notice of breach of contract (ECF Nos. 42 & 43). The court construes plaintiff's emergency motions as motions to enforce a settlement agreement. On October 26, 2010, this court dismissed plaintiff's complaint with prejudice and without leave to amend (ECF No. 9). Judgment was entered accordingly (ECF No. 11). Plaintiff appealed the judgment, but in April 2012 voluntarily dismissed the appeal (ECF No. 32). The court's file on this matter has been closed since 2012.

Unbeknown to the court, the parties at some point in 2012 entered into a private settlement agreement (ECF No. 38). Because the settlement agreement between the parties was reached privately, the court has no jurisdiction to set aside or enforce the agreement between the parties. "Federal courts are courts of limited jurisdiction" and possess only the power authorized by the Constitution and United States statutes. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). This power cannot be expanded by judicial order. *Id.*, citing *American Fire & Causualty Co. v. Finn*, 341 U.S. 6 (1951). It is well settled that there is a presumption that a cause of action lies outside the federal court's limited jurisdiction, and that the party asserting jurisdiction has the burden of establishing it. *Kokkonen*, 511 U.S. at 377.  Federal courts must have either an independent (constitutional or statutory) basis for jurisdiction over a cause of action or jurisdiction pursuant to the court's inherent powers or ancillary jurisdiction. *Id.* at 378.

In *Kokkonen*, the Supreme Court held that federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement merely because the subject of the settlement was a federal lawsuit. *Id.* at 381. The Court stated that ancillary jurisdiction is general permissible under two circumstances: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decress." *Id.* at 379-80 (internal citations omitted). As to the first circumstance, the Court found that it would not be particularly efficient for a federal court to exercise jurisdiction over what is essentially a breach of contract claim because the facts underlying the breach of a settlement agreement "have nothing to do with" the facts of the underlying case. *Id.* at 380.

As to the second circumstance, the Court held that a federal court has ancillary jurisdiction to enforce a settlement agreement "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement into the order." *Id.* at 381. Jurisdiction exists in such a case because a breach of the settlement agreement violates a court order. *Mallard Automotive Group Ltd. v. United States*, 343 F.Supp.2d 949, 955 (D. Nev. 2004) *citing Kokkonen*, 511 U.S. at 375. If the federal court has no independent jurisdiction over the settlement agreement, and absent making the settlement agreement part of the dismissal order, enforcement of the agreement is for the state courts. *Mallard*, 343 F.Supp.2d at 955.

"Mere awareness and approval of the terms of the settlement agreement" by the judge are not enough to make the settlement agreement part of the dismissal order. *Kokkonen*, 511 U.S. at 381. Nor is language in the order of dismissal stating that the dismissal is "based on the settlement" enough for the federal court to retain jurisdiction. *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995). "Indeed, even a district court's expressed intention to retain jurisdiction is insufficient to confer jurisdiction if that intention is not expressed in the order of dismissal." *Id. citing Hagestad v. Trafeseer*, 49 F.3d 1430, 1433 (9th Cir. 1995) (finding that although the judge stated on the record that he would act as "czar" over the settlement, because the order of dismissal merely stated "Counsel having informed the court that this action has been settled, this action is dismissed with prejudice," the court did not retain jurisdiction over enforcement of the settlement agreement).

Plaintiff's motions for temporary restraining order and preliminary injunction (ECF Nos. 42 & 43) are construed by the court as motions to enforce settlement and are **DENIED.**

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

By:_____/s/_____
Deputy Clerk